JOSEPH DE WYCKOFF, RESPONDENT, v. FIDELITY UNION
TRUST COMPANY, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

The defendant issued to plaintiff its policy insuring the title of a
large tract of land, the title to a small portion of which was de-
fective because plaintiff's grantor had no title; the plaintiff
called upon the defendant to perfect the title which resulted in
negotiations culminating in an agreement manifested by a letter
from defendant to plaintiff that if plaintiff would acquire the
outstanding title at a cost not to exceed $5,000, defendant would
pay him the amount of the cost as damages. The plaintiff ac-
quired the land paying $5,000, and defendant refused to refund
upon the ground that the policy only bound it to pay when it
requested the party guaranteed to acquire an outstanding estate,
and also that plaintiff could only recover such proportion of the
insurance as the value of the outstanding estate bore to the
whole. *Held*, that the letter which authorized the plaintiff to
acquire, at his election, the outstanding estate, and if he did de-
fendant would pay him the cost and damages not exceeding
$5,000, was a sufficient request under the policy, and that the
promise to pay the cost and damages not exceeding $5,000, fixed
the measure of damages between the parties, if acted on. The
defendant could settle its liability by acquiring the property, and
this it did through the requested act of plaintiff, who relied on
the promise of defendant to reimburse him to the extent of his
disbursement.

On appeal from the Supreme Court.

For the appellant, *Louis Hood.*

For the respondent, *Patrick Henry Maley.*

The opinion of the court was delivered by

BERGEN, J. This action is based upon a policy of insur-
ance issued by the defendant to the plaintiff guaranteeing him
against loss arising, among other things, from a defect in title
of lands to be purchased by the plaintiff. After purchase by
plaintiff it was discovered that the title to a portion of the

land, amounting to two and seventy hundredths acres, was
defective. The liability of the defendant is not questioned,
and the only matter at issue is the measure of damages.
After the defect in title was discovered the defendant and
plaintiff made an oral agreement about the matter which at
the request of the plaintiff the defendant reduced to writing
as follows: "Confirming the conversation which you had
with Mr. Hood in the presence of your client, Mr. De
Wyckoff, and myself, in relation to the loss sustained by
Mr. De Wyckoff on the guarantee issued by this company
[then follows a description of the property], the Fidelity
Trust Company hereby admits that a portion of the property
covered by this guaranty, being approximately five hundred
and ten feet on the Franklin turnpike and ranging in depth
from one hundred and forty-three to four hundred and thirty-
six feet alleged to be owned by one Appert, is covered by the
guaranty, and that Mr. De Wyckoff has sustained damage
and is entitled to recover under our policy from Fidelity
Trust Company the value of that piece of land. Fidelity
Trust Company hereby waives any formal requirement as to
notice, suit or judgment which may be required under the
terms of its policy; the only matter in controversy between
the said Mr. De Wyckoff and Fidelity Trust Company being
the amount of damage sustained by him, which is to be ar-
rived at by mutual agreement if possible. Mr. De Wyckoff,
if he so elects, is to acquire the title to said property either
directly or through Fidelity Trust Company, advancing the
purchase price of $5,000, and Fidelity Trust Company is to
make good to Mr. De Wyckoff the amount of his damage
under said guaranty, but in no event in excess of the said
purchase price." The plaintiff purchased the property for
$5,000, and the jury awarded that sum with interest. The
court left to the jury the question whether this letter was a
request by the defendant to the plaintiff to purchase the prop-
erty at a price not exceeding $5,000. Section 9 of the policy
of guaranty provides that if there shall appear to be an out-
standing estate in all or any part of the premises guaranteed

which may be acquired by the party guaranteed, the latter shall on the request of the company acquire such estate, provided it shall not cost more than the amount of the guaranty. It can hardly be reasonably disputed that when it appears, as in this case, there is an outstanding estate, and the guaranteed party claiming a fulfillment of his guaranty, is told by his guarantor that he may, if he elects, acquire the outstanding estate, the cost and damages of which the company will pay him if it does not exceed $5,000; that it is a request to acquire the property for which it will pay him the agreed sum in settlement of the damages for which liability is admitted.

Appellant argues that the court erroneously left to the jury the question whether the defendant by its letter requested the plaintiff to acquire the title at the sum stated. The objection made to this is that, this being a contract in writing, its construction was a court question. We think that this writing was a clear authority to the plaintiff to acquire the title, for which the defendant would pay him $5,000, or such proportion thereof that it might cost to acquire the property. The evidence shows that Mr. De Wyckoff had negotiated with the owner and agreed upon $5,000 as the price, and that this was brought to the notice of the defendant, whereupon the defendant gave plaintiff the election to purchase the land, and agreed to pay him the cost of acquiring the property, not exceeding $5,000. Under these conditions the plaintiff was entitled to a direction if he acquired the land. But if the defendant is correct in its insistence that the contract should have been interpreted by the court, the leaving of it to the jury was a harmless error, so far as the defendant is concerned, for, on the face of the agreement, the defendant was bound to pay the $5,000 if, as it appears, the plaintiff in pursuance of it acquired the outstanding title. In other words, the jury would have been justified in finding, and, apparently, did just exactly what the trial court should have instructed them to do. But the trial court went further.

and instructed the jury that if it did not find that the plaintiff was requested to acquire the title, nevertheless, under the policy, the defendant was bound to pay the market value of the property, the title to which was defective. This did not injure defendant, for, in view of its letter to plaintiff, it was more than defendant was entitled to. The tract of land contained about one hundred and ninety acres, and the defendant claims that the plaintiff was only entitled to recover under this policy such portion of the total insurance of $100,000 as the value of the two and seventy hundredths acres bore to the whole. The question thus raised we are not required to determine in this case, because the supplemental agreement determined the liability of the defendant as well as the extent of it. By it defendant's liability was fixed and it agreed to pay to plaintiff the cost of acquiring the property to the extent of $5,000. Relying on this agreement the plaintiff purchased the property and advanced the money which defendant agreed to refund to extinguish its liability for damage under its policy.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 16.

*For reversal*—None.